[No. G011220. Fourth Dist., Div. Three. July 13, 1993.]

ANTHONY J. ROSLAN, Plaintiff and Respondent, v.
PERMEA, INC., et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*This opinion is certified for publication with the exception of Facts and parts I, III and IV of the Discussion. (Cal. Rules of Court, rule 976.1.)

**COUNSEL**

Hillsinger & Costanzo, Michael V. Madigan, Horvitz & Levy, Barry R. Levy, Nancy C. Brown and Julie L. Woods for Defendants and Appellants.

Marjorie G. Fuller, Mahaffey & Cadden and Douglas L. Mahaffey for Plaintiff and Respondent.

**OPINION**

**SILLS, P. J.**—Permea, Inc., and its subsidiary, Zeks Air Dryer Corporation (collectively Zeks) appeal after a jury awarded plaintiff Anthony J. Roslan approximately $563,000 in his action for personal injuries. One third of the award was for noneconomic damages. The primary problem with this case is

that the trial court did not allow the jury to assess the comparative fault of two defendants which settled before trial, and also refused to allow Zeks to present evidence of the culpability of one of those settling defendants. The jury was therefore unable to assess the settling defendants' comparative fault. Such a determination was crucial because, under Proposition 51 (Civ. Code, § 1431.2), Zeks is only severally liable for any noneconomic damages. Without knowing the settling defendants' proportionate fault, we have no way of determining how much of the noneconomic award that Zeks must pay. Accordingly, we reverse.

FACTS*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

DISCUSSION

I*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

II

Defendant Allied Container (Allied), which designed and manufactured the shipping carton which allegedly caused Roslan's injuries, settled before trial for $15,000, and another defendant (Benz Engineering) settled for $10,000. The trial court found these settlements to be in good faith. At trial, Zeks sought to introduce deposition testimony of an Allied representative which, according to Zeks' counsel, would show that Allied "contributed in the design of this packaging system and that they came out to the Zeks plant—'they' being the Allied representatives—[ ] in an attempt to come together on a packaging scheme suitable to the 35-model [i.e., the shipping carton] . . . ." The trial court refused to admit this evidence.[2] Thus, the jury did not assess the amount of comparative fault of either of the settling defendants. That may not seem like a striking development; however, the passage of Proposition 51 (Civ. Code, §§ 1431 to 1431.5) greatly complicates matters. Under that initiative, Zeks is only responsible for its comparative percentage of fault for the noneconomic damages (i.e., pain and suffering) of $268,481.56. (See generally *Miller* v. *Stouffer* (1992) 9 Cal.App.4th 70, 82-83 [11 Cal.Rptr.2d 454].) While that award was reduced by the 30 percent comparative fault of Roslan, it was not reduced by the comparative fault of the settling defendants. This error mandates reversal.

---

*See footnote, *ante*, page 110.
[2]Zeks did not offer any evidence as to the culpability of Benz Engineering.

■ In *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593 [7 Cal.Rptr.2d 238, 828 P.2d 140], our Supreme Court set forth why we reach this result: "The express purpose of Proposition 51 was to eliminate the perceived unfairness of imposing 'all the damage' on defendants who were 'found to share [only] a fraction of the fault.' ([Civ. Code,] § 1431.1, subd. (b).) In this context, the only reasonable construction of section 1431.2 is that a 'defendant['s]' liability for noneconomic damages cannot exceed his or her proportionate share of fault *as compared with all fault responsible for the plaintiff's injuries*, not merely that of 'defendant[s]' present in the lawsuit." (*Id.* at p. 603, italics in original.) The *DaFonte* court cited Justice Kaufman's separate opinion in *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188 [246 Cal.Rptr. 629, 753 P.2d 585] for the proposition that damages must be apportioned among the " 'universe' of tortfeasors," including nonjoined defendants. (*DaFonte, supra,* 2 Cal.4th at p. 603, citing *Evangelatos, supra,* 44 Cal.3d 1188, 1242, fn. 4 (conc. and dis. opn. of Kaufman, J.).)

■ In the present case, liability was not apportioned among the "universe of tortfeasors," which included Allied and Benz Engineering. The trial court went even further, however, and refused to permit Zeks to present evidence of Allied's alleged culpability. Thus, the settling defendants were not included in the special verdict form, and the jury had no evidence from which to assess their comparative fault. The matter must be remanded so that the jury can make these determinations, because Zeks is only liable for its fair share of Roslan's noneconomic damages.[3]

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is reversed and remanded for a new trial consistent with this opinion.

Moore, J., and Crosby, J., concurred.

A petition for a rehearing was denied August 12, 1993.

---

[3]On remand, we suggest using a modified version of BAJI No. 16.00 or BAJI No. 16.73 (1992 re-revisions), which are special verdict forms and which contemplate allocation of fault among defendants not present at trial.

*See footnote, *ante*, page 110.